UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                Case No. 19-CR-59

KYLE D. SANDERSON,

          Defendant.

## **PLEA AGREEMENT**

1.     The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Kyle D. Sanderson, individually and by attorney Tom Phillip, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### <u>CHARGES</u>

2.     The defendant has been charged in a three-count indictment, which alleges violations of Title 18, United States Code, Sections 2252A(a)(2)(A) and (5)(B).

3.     The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. On or about April 28, 2018, in the State and Eastern District of Wisconsin and elsewhere,

**KYLE D. SANDERSON**

knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained material that had been shipped and transported by a means and facility of interstate and foreign commerce, including by computer.

2. The child pornography distributed by the defendant included a digital image identified by the following partial file name:

| Partial File Names | Description |
|---|---|
| 8853.jpg | The color image depicts a prepubescent female child naked from the waist down. The child is sitting on a green colored bedspread, and the child's vagina is fully exposed and is the focus of the image. The female child has blonde hair; she is wearing a blue colored cartoon shirt and blue colored socks. |

All in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a

2

reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On April 28, 2018, KIK became aware that one of its users, "Rp.Destiny," sent an image of child pornography to another KIK user via its personal messaging feature. KIK informed U.S. Homeland Security Investigations (HSI) that Rp.Destiny was utilizing an IP address of 68.114.254.72. HSI sent a summons to Charter Communications to receive the subscriber information associated with that IP address. That IP address was assigned to a wheelchair bound 73 year-old, M.E., who lived in an apartment in Kewaunee County, State and Eastern District of Wisconsin.

In December of 2018, a search warrant was executed at that residence in Kewaunee. Law enforcement learned that M.E.'s 19 year-old grandson Kyle D. Sanderson also lived at the residence. M.E. disavowed any knowledge of how to use a smart phone or computer and stated that he only maintained internet service for his grandson who helped take care of him. Investigators tracked down the defendant at his workplace and he participated in a voluntary interview. The defendant admitted sending and receiving child pornography via KIK messenger under the screen name Rp.Destiny. He also informed law enforcement of his Dropbox account which he utilized to store child pornography under the name dhelzy01@gmail.com. He was arrested and his cell phone was collected as evidence.

A search warrant was authorized to obtain the contents of Kyle's Dropbox account. In February of 2019, the Dropbox account was assigned to dhelzy01@gmail.com. Records indicate that the Dropbox account was accessed on various dates in 2018 from IP address 68.114.254.72. Law enforcement subsequently reviewed the contents of the account and found approximately 4,424 files, the majority of which were images of child pornography.

3

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6.     The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years and $250,000. The count also carries a mandatory minimum of 5 years of imprisonment. The count also carries a mandatory special assessment of $100, at least 5 years of supervised release, and a maximum of a lifetime of supervised release. The parties further recognize that a restitution order may be entered by the court.

7.     The parties understand and agree that if the court determines that the defendant is non-indigent, the court must impose a $5,000 special assessment for each count of conviction pursuant to 18 U.S.C. 3014(a)(3). This amount cannot be reduced, and it applies to offenses committed after the date of May 29, 2015.

8.     The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

9.     The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

## ELEMENTS

10.     The parties understand and agree that in order to sustain the charge of distribution of child pornography, the government must prove each of the following propositions beyond a reasonable doubt:

**First**, the defendant knowingly distributed the material identified in the indictment; and

**Second**, the material identified in the indictment is child pornography; and

4

**Third**, the defendant knew that one or more persons depicted in the material identified in the indictment was under the age of eighteen years; and

**Fourth**, the material identified in the indictment was transported in interstate or foreign commerce by any means, including by computer.

## SENTENCING PROVISIONS

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided

5

false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16.     The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 22 under Sentencing Guidelines Manual § 2G2.2(a)(1).

## Specific Offense Characteristics

17.     The parties acknowledge and understand that the government will recommend to the sentencing court that a 2-level increase for knowing distribution under Sentencing Guidelines Manual § 2G2.2(b)(3)(F), a 2-level increase for material involving a prepubescent minor under Sentencing Guidelines Manual § 2G2.2(b)(2), a 2-level increase for material involving the exploitation of a toddler under Sentencing Guidelines Manual § 2G2.2(b)(4)(B), and a 2-level increase for use of a computer under Sentencing Guidelines Manual § 2G2.2(b)(6) are all applicable to the offense level for the offense charged in count one.

## Acceptance of Responsibility

18.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction

6

under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

21. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

## Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

7

23.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

### Special Assessment

25.     The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing, or upon further order of the court.

### Restitution

26.     The defendant agrees to pay restitution as ordered by the court.

## DEFENDANT'S WAIVER OF RIGHTS

27.     In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

    a.     If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

8

b.    If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.    At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e.    At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

28.    The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

29.    The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including

9

but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

30.     The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### MISCELLANEOUS MATTERS

31.     Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

### GENERAL MATTERS

10

32.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

33.     The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

34.     The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

35.     The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the

11

defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

36.     The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 5/23/2019

KYLE D. SANDERSON
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 5/23/2019

TOM PHILLIP
Attorney for Defendant

For the United States of America:

Date: 5/28/19

for MATTHEW D. KRUEGER
United States Attorney

Date: 5/28/19

DANIEL R. HUMBLE
Assistant United States Attorney

13