# FEDERAL DEFENDER SERVICES
# OF WISCONSIN, INC.
LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
John W. Campion
Shelley M. Fite
Anderson M. Gansner
Gabriela A. Leija
Peter R. Moyers
Ronnie V. Murray
Tom Phillip
Joshua D. Uller
Kelly A. Welsh

801 East Walnut
Second Floor
Green Bay, Wisconsin 54301

Telephone 920-430-9900
Facsimile 920-430-9901

September 1, 2019

Hon. William C. Griesbach
United States District Court
125 S. Jefferson Street
Green Bay WI 54301

**re:** *United States v. Kyle D. Sanderson*
**Case No. 19-CR-59**

Dear Judge Griesbach:

This matter is scheduled for sentencing on September 4, 2019, at 2:30 p.m. I have already submitted a psychological evaluation for the Court's consideration. I write now to briefly argue against the ridiculous guideline range found in the PSR and to advise the Court that I intend to ask for the mandatory minimum sentence of five years.

Sanderson was convicted upon his guilty plea of one count of distribution of child pornography contrary to 18 U.S.C. § 2252A(a)(2)(A). He faces a statutory sentencing range of a minimum of five years up to a maximum of 20 years. Sanderson has no criminal history whatsoever, so his Criminal History Category under the Sentencing Guidelines is I. PSR ¶¶36-41.

The PSR calculates Sanderson's advisory guideline range at Paragraphs 21-34. Every possible guideline increase applies, as they always do, though Sanderson's

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

case is no different and no worse than dozens of similar cases seen by counsel and the Court. The PSR concludes that Sanderson's total offense level is 37. As he is in Criminal History Category I, Sanderson's advisory guideline range is 210 – 262 months. That turns out to be above the statutory maximum, which is the first clue that the guideline range is out of whack. So the PSR adjusts the range to 210 – 240 months (PSR ¶68), which equates to a term of 17½ -20 years.

The PSR appears to have calculated the guidelines correctly, so this letter is less a specific objection and more an argument that the PSR's range is far greater than necessary to accomplish any possible purpose of sentencing. Were this not so serious, the guideline range in this case would be laughable. By way of comparison, counsel calculated several guideline ranges for charges that are either more dangerous or that would have greater effects on society. All are calculated after a guilty plea with a defendant in Criminal History Category I, which is the same as Sanderson. To wit:

Second Degree Murder
    U.S.S.G. § 2A1.2(a) = base offense level 38
    Acceptance of responsibility -3
    Total offense level = 35
    35/I = 168-210 months, which is less than Sanderson's range of 210-240.

Attempted Murder
    U.S.S.G. § 2A2.1(a)(1) = base offense level 33
    Permanent or life-threatening injury +4
    Acceptance of responsibility -3
    Total offense level = 34
    34/I = 151-188 months, which is less than Sanderson's range of 210-240.

Fraud with loss of over $550 million
    U.S.S.G. § 2B1.1(a) = base offense level 7
    Loss amount of over $550 million +30
    Ten or more victims +2
    Acceptance of responsibility -3
    Total offense level = 36
    36/I = 188-235 months, which is less than Sanderson's range of 210-240.

Aircraft Piracy
- U.S.S.G. § 2A5.1(a) = base offense level 38
- Acceptance of responsibility -3
- Total offense level = 35
- 35/I = 168-210 months, which is less than Sanderson's range of 210-240.

Bank Robbery
- U.S.S.G. § 2B3.1(a) = base offense level 20
- Property of a bank +2
- Discharge of a firearm +7
- Permanent or life threatening injury +6 (but maximum of 11 points added for the firearm and the level of injury)
- Abduction to facilitate escape +4
- Acceptance of responsibility -3
- Total offense level = 34
- 34/I = 151-188 months, which is less than Sanderson's range of 210-240.

Sexual Assault
- U.S.S.G. § 2A3.1(a)(2) = base offense level 30
- Use of Force +4
- Permanent or life threatening injury +4
- Acceptance of responsibility -3
- Total offense level = 35
- 35/I = 168-210 months, which is less than Sanderson's range of 210-240.

So Sanderson could kill someone and have a lower range. Sanderson could attempt to kill someone and leave them permanently injured and have a lower range. Sanderson could engage in fraud with the guidelines' greatest possible loss amount and have a lower range. Sanderson could hijack an airplane and have a lower range. Sanderson could rob a bank with a gun, shoot someone resulting in permanent injury, and abduct somebody during his escape, and still have a lower range. Finally, Sanderson could have actually engaged in a forcible sexual assault resulting in permanent injuries to the victim, and still have a lower advisory sentencing guideline range. Does any of that make sense? No, it doesn't.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

The Court should put no weight on the advisory guideline range found in the PSR. Post-*Booker*, the guidelines are advisory only. The Court is free to disagree with a guideline on policy grounds (*Kimbrough v. United States*, 522 U.S. 75 (2007)), and the Court must make an individualized assessment based on the facts of a case to arrive at a sentence that is sufficient but not greater than necessary. *Gall v. United States*, 522 U.S. 38 (2007). After calculating the range, the court then steps back and uses independent judgment under § 3553(a) to impose a sentence tailored to the individual offender and his or her crimes. *United States v. King*, 861 F.3d 692 (7th Cir. 2017). Here, for Sanderson, counsel argues that an appropriate sentence under § 3553(a) would be the mandatory minimum of five years.

As noted in the PSR at Paragraph 70, the plea agreement signed by the parties came to a range of 70-87 months (approximately six to seven years). The plea agreement's range approaches a more reasonable number than does the PSR, but even with that more reasonable range, counsel still argues that the mandatory minimum sentence of five years is a reasonable sentence that is not greater than necessary.

Therefore, upon the arguments above and upon those to be presented orally at sentencing, counsel for Sanderson respectfully requests that the Court entirely ignore the guideline range as calculated by the PSR. Counsel asks that the Court impose a five-year sentence, which is the statutory mandatory minimum term.

Sincerely,

**/Tom Phillip**
Associate Federal Defender

cc:  AUSA Dan Humble
     USPO Brian Koehler
     Kyle D. Sanderson

TEP/ms

C:\Users\tphillip\Desktop\Sanderson Sentencing Letter.docx